UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD WILLIAMS,** | |
| Plaintiff, | Civ. No. 14-5762 (MCA) |
| v. | |
| **SERGEANT KITA, et. al.** | |
| Defendants. | ORDER |

This matter having come before the Court by way of Plaintiff's Motion for Summary Judgment/Default [Dkt. No. 7] and Plaintiff's Motion for Judgement by Default [Dkt. No. 8] pursuant to Federal Rules of Civil Procedure 55 and 56;

and Federal Rule of Civil Procedure 55(b)(2) permitting the Court to enter default judgment in civil actions;

and "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)[,]" *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006) (quoting 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2682, at 13 (3d ed. 1998)); *see Johnson v. N.J. Dep't of Corrections*, No. 11-5764, 2013 WL 1903269, at *1 n.1 (D.N.J. May 7, 2013) ("[D]efault judgment requires, and Plaintiff failed, to first obtain entry of default from the Clerk of the Court") (citation omitted);

and it appearing that Plaintiff failed to obtain entry of default from the Clerk of the Court prior to moving for entry of default judgment;

**IT IS** on this **6th** day of **May, 2015,**

**ORDERED** that Plaintiff's motions for default judgment [Dkt. Nos. 7, 8] are **DENIED without prejudice** to Plaintiff's right to refile if the Clerk enters default against any Defendant in this matter; and it is further

**ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED without prejudice** to Plaintiff's right to refile at a later date with leave of Court[1]; and it is further

**ORDERED** that the Clerk of the Court terminate the aforementioned motions [Dkt. Nos. 7, 8].

                                                **s/ James B. Clark, III**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff filed a document captioned as a Motion for Summary Judgment [Dkt. No. 7]. The Court finds that Plaintiff's motion to be deficient. First, it is premature because Defendants have not answered and discovery has yet to commence. Moreover, to the extent Plaintiff's motion can be construed as seeking summary judgment, it provides no brief, statement of material facts, or exhibits and/or certifications supporting Plaintiff's assertions as required by Local Civil Rules 7.1 and 56.1, and will therefore be denied.